UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

FCA US LLC,

     Defendant.          /

Case No. 21-cr-20031
Misc. Case No. 21-mc-50554
District Judge Paul D. Borman

**ORDER DENYING CIVIL PLAINTIFFS' MOTION FOR RECOGNITION OF CRIME VICTIM STATUS AND FOR RESTITUTION**

**BACKGROUND**

On January 27, 2021, the United States filed a criminal Information charging Defendant FCA US LLC with a single count: 18 U.S.C. § 371 - Conspiracy to Violate the Labor Management Relations Act, 29 U.S.C. §§ 186(a)(2) & (d)(1). (Criminal Case No. 21-20031, Information, ECF No. 1.) The conspiracy charge stated that FCA would pay money and things of value to United Auto Workers Union officers and employees, "with the intent to benefit persons whom they knew were not permitted to receive the money and things of value." (*Id*. at PageID.2.)

The Information stated that between January 2009 and approximately 2016, persons acting in the interest of FCA delivered more than $3.5 million in prohibited payments and things of value to officers and employees of the UAW. (*Id*. at PageID.2-3.)

1

On March 1, 2021, Defendant FCA pled guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement (Rule 11). (ECF No. 14.) Paragraph II B of the Rule 11 agreement states "that if the Court accepts this agreement, the Court is bound by the sentencing provisions in Paragraph Three." (*Id*. at ¶ II B, at PageID.23). Paragraph III establishes a $18-$36 million fine range, and the parties agreed to a fine of $30 million, organizational probation of FCA for three years, and a special assessment of $400. (*Id*. at ¶ III, PageID.25.)

Significantly, paragraph III D states: "The parties agree that there is no restitution in this matter." (*Id*. at ¶ III D, PageID.26.)

Paragraph VIII states that "Defendant agrees to retain an independent compliance monitor" for three years. (*Id*. at ¶ VIII, PageID.32-34.)

Finally, Paragraph XIII of the Rule 11(c)(1)(C) states that "if the Court rejects this Agreement [or] any provision of this Agreement, neither party shall be bound by the provisions of the Agreement." (*Id*. at ¶ XIII, PageID.41.)

## CIVIL PLAINTIFFS

On April 25, 2021, counsel for the Civil Plaintiffs filed a "Motion for Recognition of Crime Victim Status and for Restitution." (ECF No. 7, Misc. Case No. 21-mc-50554.) (Hereinafter "Motion for Recognition".)

On May 25, 2021, the United States filed a Response in Opposition to the

Motion for Recognition (ECF No. 13), as did FCA US LLC (ECF No. 14).

On June 11, 2021, Civil Plaintiffs filed a Reply to the Government's

Response (ECF No. 15), and a Reply to the FCA Response (ECF No. 16).

## DISCUSSION

Civil Plaintiffs' counsel states that they presently represent "234 plaintiffs in

pending and completed civil cases against FCA US LLC." Civil Plaintiffs contend

that they have a right to be designated "crime victims" and "victims" in this

criminal case, "as those terms are defined in the Crime Victims' Rights Act

(CRVA), 18 U.S.C. § 3771(c)(2)(A), and the Mandatory Victims Restitution Act

(MVRA), 18 U.S.C. § 3663A(a)(2)," and to receive victim restitution from

Defendant FCA.

Civil Plaintiffs contend that in a prior civil RICO case before this Court,

filed by General Motors LLC against FCA US LLC (E.D. Mich. Case No. 2:19-cv-

13429), where GM sought and was denied victim status, FCA had responded that

"first step" harm was incurred, _if at all_, not by GM, but by rank-and-file UAW

members employed by FCA. (FCA's Motion to Dismiss GM's Civil RICO

Complaint.) (Emphasis added.) This Court, in denying GM victim status, held that

GM was not a direct victim of FCA's alleged bribes, and then went on to surmise

that if there were to be any direct victims of the alleged bribery scheme, it would

3

likely be FCA's workers. *GM v. FCA, supra.* (Opinion and Order Granting

Defendant FCA's Motion to Dismiss, ECF No. 82, at p. 27.)

While Civil Plaintiffs claim that "both FCA and this Court have

acknowledged that the direct victims of FCA's bribery scheme were FCA's

employees" (ECF No. 7, at PageID.383), that is not correct. FCA stated, "<u>if at all</u>"

there was any direct first step harm, it would not be GM, but FCA workers. And

this Court stated that the only potential inference from the facts in GM's Complaint

is that if there were any direct victims of Defendants' alleged bribery scheme, it

would not be GM, but FCA's UAW workers. Thus, the Court did not, as Plaintiff's

assert, hold in its Opinion in *GM v. FCA*, that FCA's UAW employees were

victims of the alleged bribery scheme.

Civil Plaintiffs' Motion for Recognition asserts:

> It is the responsibility of the Government to prove that
> restitution is due, to whom, and the amount, and this
> Court should order the Government to at least attempt to
> meet its burden. If the Government has evidence, through
> grand jury testimony, FBI 302s, documents or other types
> of evidence, the Court should order the Government to
> produce it to the civil plaintiffs and to the Court. To deny
> this motion without at least requiring the Government to
> investigate the civil plaintiffs' claims is to allow FCA to
> "get away with it," to allow FCA to keep millions of
> dollars in ill-gotten gains, to show that crime does pay, at
> least to the extent that FCA was able, over the course of
> about eight years, to deny civil plaintiffs their proper
> level of pay and benefits and to keep the profits.

(ECF No. 7, at PageID.383-384.)

FCA's Memorandum of Law In Opposition to Civil Plaintiffs' Motion for

Recognition initially contends that Civil Plaintiffs were not directly and

proximately harmed by the offense of conviction. (ECF No. 14.)

Secondly, FCA contends that the Court should also deny restitution to the

Civil Plaintiffs under the Mandatory Victims Restitution Act because computing

the hundreds of victims purported losses would require "complex" and speculative

inquiries that would "complicate or prolong the sentencing process," 18 U.S.C. §

3663(A)(c)(3)(B). (*Id*. at PageID.738.) That provision states:

> (3)  This section shall not apply…if the Court finds
>       from facts on the record, that…
>
> A.    the number of identifiable victims is so large
>       as to make restitution impracticable; or
>
> B.    determining complex issues of fact related to
>       the victim's losses would complicate or
>       prolong the sentencing process to a degree
>       that the need to provide restitution to any
>       victim it outweighed by the burden on the
>       sentencing process.

18 U.S.C. § 3663(A)(c)(3).

Defendant FCA further contends that since the Plea Agreement reflects that

no restitution should be imposed as part of FCA's sentence, "the Civil Plaintiffs

concede, as they must, that they seek restitution for harm based on conduct 'that

[is] not alleged in the Information or admitted to in the plea agreement.' " (ECF

No. 14, PageID.728, citing Motion 2, PageID.370.) FCA argues that this

concession dooms Civil Plaintiffs' claims under the CVRA and MVRA, citing *In re*

*McNulty,* 597 F.3d 344, 351 (6th Cir. 2010). (ECF No. 14, PageID.728.):

> In making this determination [of direct and proximate
> harm], we must (1) look to the offense of conviction,
> based solely on facts…admitted by the defendant; and
> then (2) determine, based on those facts, whether any
> person[s] were "directly and proximately harmed as a
> result of the commission of [that] Federal offense."

*In re McNulty*, 597 F.3d at 351 (citation omitted).

FCA notes that this Court, in dismissing the Complaint in *General Motors*

*LLC v. FCA US LLC*, 2020 WL 3833058 (E.D. Mich. July 8, 2021), did not, as

discussed *supra,* make any factual findings that the direct victims of Defendants'

alleged bribery scheme are FCA UAW employees; but rather, observed under

GM's theory of the case as pleaded, the only people who could be characterized as

victims were FCA's workers, and not GM. (ECF No. 14, at PageID.729.)

FCA further notes that both the CVRA and the MVRA limit restitution to

persons directly and proximately harmed.  (*Id*. at PageID.730.)

As to the Affidavit of UAW official Nancy Johnson, Defendant FCA states

that it "offers no facts—because none exists—that directly or proximately connect

the purportedly tainted union negotiations or 'stagnated grievances' to any

cognizable or measurable impact on the Civil Plaintiffs." (*Id*. at PageID.737.)

Finally, FCA reiterates that "restitution under the MVRA should be denied

for the additional reason that computing the Civil Plaintiffs' alleged losses would

be prohibitively complex":

> [T]here are numerous explanations for why the
> UAW did not push for the Civil Plaintiffs' requests
> during collective bargaining negotiations. For a
> company with tens of thousands of unionized
> workers, and many factors affecting the
> negotiation of a given CBA, recreating the
> negotiations to determine what benefits these
> 234 Civil Plaintiffs <u>might</u> have received in a
> hypothetical CBA unaffected by the prohibited
> payments—which is what an award of restitution
> to the Civil Plaintiffs would require—would be an
> impossibly complex and inherently indeterminate
> undertaking.

(*Id*. at PageID.739.)

The Government Response contends that "Petitioners are approximately 230

current and former FCA employees, who are represented by the same attorney in

various civil litigation against FCA, the UAW, and individuals associated with

each." (ECF No. 13, PageID.699.) The Government directly responds to the Civil

Plaintiffs' harsh criticism of the Eastern District of Michigan U.S Attorney's office

conduct in this case:

> Counsel for the United States takes victims' rights, and
> its obligations under the relevant statutes, very seriously.

7

> We have communicated with Petitioners' counsel
> productively since the plea hearing, including prior to his
> filing of the instant motion. But nothing he has presented
> changes our position. We have not been able to identify a
> provable instance where union members were directly
> and proximately harmed for purposes of the CVRA and
> MVRA after six years of investigating, and Petitioners
> have not established the necessary causal link to qualify
> as statutory victims or obtain restitution. For these
> reasons, the United States must oppose the instant
> motion, and request that it be denied.

(*Id*. at PageID.699-700.)

The Government points out:

> Procedurally, given the parties' agreement that there is no
> restitution in this matter, the Court would have to reject
> the parties' Rule 11 plea agreement in order to award the
> movants the restitution sought.

(*Id*. at PageID.701.)

The Government further responds:

> Petitioners opine that "presumably," the government has
> "obtained enough information to link the payment and
> acceptance of bribes with the damage done to the
> plaintiffs." ECF No. 7, PageID.391. Throughout this
> extensive, 6-year investigation, the government diligently
> looked for proof of exactly the types of direct and
> proximate harms that Petitioners assume.
>
> Importantly, FCA pleaded guilty to conspiring to violate
> 29 U.S.C. § 186(a)(2), which does not require a showing
> that FCA was seeking to influence the actions of any
> UAW official on any particular collective bargaining
> issue, or that FCA sought to affect any specific grievance
> or to affect the grievance process in general. And so, in
> resolving the case with FCA short of trial, the

8

> government agreed that there is no restitution in this
> matter, given the very nature of the guilty plea by FCA.
> The information Petitioners present now does not alter
> this conclusion.

(*Id*. at PageID.703-704.)

The Government Response emphasizes the limitations of FCA's offense of

conviction:

> In this case, FCA's offense of conviction is somewhat
> limited. FCA did not plead guilty to any crime involving
> Section 186(a)(4), the portion of the Taft-Hartley Act that
> requires proof that the employer made the prohibited
> payment "with intent to influence him in respect to any
> of his actions, decisions, or duties as a representative of
> employees." 29 U.S.C. § 186(a)(4). Instead, FCA pleaded
> guilty to conspiring to violate Section 186(a)(2).
> Section186(a)(2) requires something less: a mere
> showing that FCA made the prohibited payment to an
> official of a union representing its employees. *See* 29
> U.S.C. § 186(a)(2). By its very nature, the crime to which
> FCA pleaded guilty did not carry with it an intent or the
> effect of directly harming union members by way of
> affecting the particular decisions of a union official. As a
> result, FCA's guilty plea did not establish the necessary
> direct and proximate harm to union members.

(*Id*. at PageID.707-708.)

The Government rejects Civil Plaintiffs' demand for "discovery of grand

jury material and other investigative documents from the government, or insist

upon an order requiring the government to adopt their cause":

> But the government is not obligated to take over for
> interested parties seeking to obtain statutory victim status

9

> when, as unfortunate as it might be, the evidence
> obtained through the government's independent
> investigation simply does not support the relief they seek.

(*Id*. at PageID.711.)

The Government concurs with FCA's interpretation of the language of this

Court's Opinion in *General Motors v. FCA*, 2020 WL 3833058. (E.D. Mich. July 8,

2020), that this Court, in resolving FCA's Fed. R. Civ. P. 12(b)(6) motion to

dismiss, where all of plaintiff GM's allegations were accepted as true, that if there

were any victims in that case, they would be FCA's UAW workers, not GM's. The

Government points out: "By contrast, our very task now is to determine whether

the causal link between concessions and 'bribes'--a link that was necessarily

accepted as true for purposes of the 12(b)(6) motion--exists or not." (ECF No. 13,

PageID.712.)

With regard to Civil Plaintiffs' introduction of former UAW official Nancy

Johnson's Affidavit, who pleaded guilty in the Government's criminal prosecution,

to receiving over $40,000 in illegal payments from FCA, the Government contends

that her affidavit is speculative: it states that she "was not aware that specific acts

by UAW officials that appeared to benefit FCA were necessarily in exchange for

bribes to them by FCA," but now in hindsight, she "believes that such conduct was

influenced by FCA bribes." "But she does not have direct evidence of any causal

connection [between the bribes and specific conduct] beyond her own hunches."
(*Id*. at PageID.713.)

The Government points to the MVRA provision that would necessarily apply to this case: that determining restitution issues of fact as to all of Civil Plaintiffs' losses "would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by its burden on the sentencing process." 18 U.S.C. § 3663(A)(c)(3)(B). (*Id*. at PageID.719.)

In conclusion, the Government Response notes that "well over half of the movants are involved in pending civil cases against FCA and the UAW. (*Id*.)

Civil Plaintiffs filed Replies to the Government's Response (ECF No. 15), and to FCA's Response (ECF No. 16).

As to the Government's Response, Plaintiffs seek to have the Court order the Government to produce its complete files on all the individual Defendants (ECF No. 15, PageID.748), and that the Government should seek, or the Court should order, restitution based on a larger conspiracy (not the count of conviction). (*Id*. at PageID.749.) As to the Government's argument that any quantification of losses would be "inherently speculative," Civil Plaintiffs contend that "such a determination should only be reached after such a quantification." (*Id*. at PageID.750.)

In its Reply to the FCA Response, Civil Plaintiffs state that "The Court's consideration is not limited to just the facts as admitted by FCA in its plea agreement, but rather FCA's conduct throughout the conspiracy." (ECF No. 16 at PageID.758.)  Civil Plaintiffs state: "The civil plaintiffs acknowledge that at this point, they do not have the smoking gun showing that FCA's payments paid for specific concessions by the UAW, such as burying grievances or giving the company everything it wanted on contracts." (*Id*. at PageID.759.)

Finally, Civil Plaintiffs suggest that the Court appoint a Magistrate Judge or a "special master" "to gather information from both the civil plaintiffs and FCA (with input from the Government), to devise a fair formula for determining damages." (*Id*. at PageID.761.)

## CONCLUSION

This criminal case involves the Government's prosecution of Defendant Fiat Chrysler Automobiles (FCA) pursuant to a single count indictment charging a Conspiracy to Violate its Labor-Management Relations Act, 29 U.S. C. §§ 186(a)(2) and (d)(1). The conspiracy charge stated that FCA paid money and things of value to United Auto Workers Union (UAW) officers and employees "with the intent to benefit persons whom they knew were not permitted to receive the money and things of value." (Criminal Case No. 21-20031, Information, ECF No. 1, at PageID.1-3.)

On March 1, 2021, Defendant FCA pled guilty pursuant to a Federal Rule of

Criminal Procedure 11(c)(1)(C) plea agreement (Rule 11) containing a provision

binding the Court to the sentencing provisions contained in the plea agreement.

The significant Rule 11 provision with regard to the instant proceedings is: "The

parties agree that there is no restitution in this matter."  (ECF No. 14, Rule 11, ¶ III

D, PageID.26.)

On March 1, 2021, Defendant FCA pled guilty to this single count

indictment pursuant to the Rule 11(c) plea agreement that, if accepted, binds the

Court to the Rule 11's provisions. The Court accepted the plea, and took the Rule

11(c) plea agreement under advisement.

On April 25, 2021, counsel for the Civil Plaintiffs filed a "Motion for

Recognition of Crime Victim Status and for Restitution" to 234 Plaintiffs in

pending and completed civil cases against FCA. (ECF No. 7, Misc. Case No. 21-

mc-50554.) The United States and Defendant FCA filed Responses in Opposition,

to which Civil Plaintiffs filed Replies in support of their Motion.

Civil Plaintiffs rely upon the Crime Victims' Rights Act (CVRA), 18 U.S.C.

§ 3771(c)(2)(A), and the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §

3663A(a)(2).

This Court finds that it did not, in its Opinion in *General Motors v. FCA*, *supra*, granting Defendant FCA's Motion to Dismiss, hold that FCA's UAW employees were victims of the RICO scheme discussed in that case.

The Court concludes that the Civil Plaintiffs were not directly and proximately harmed by the specific offense of conviction. The Court concludes that Civil Plaintiffs are not crime victims entitled to restitution as those terms are defined in the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771(c)(2)(A), and the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A(a)(2). *See In Re McNulty,* 597 F.3d 344, 351 (6th Cir. 2010):

> In making this determination [of direct and proximate
> harm], we must (1) look to the offense of conviction,
> based solely on the facts…admitted by the defendant;
> and then (2) determine, based on those facts, whether any
> person[s] were "directly and proximately harmed as a
> result of the commission of that Federal offense."
> (Citation omitted.)

This Court further notes that in *McNulty*, the Sixth Circuit stated in footnote 8, page 352: "The CVRA was not enacted to short circuit civil litigation to those with valid civil remedies available."

Basically, Plaintiff's counsel seeks to have the Court conclude that the E.D. MI., U.S. Attorney's office has failed to uphold its obligation to seek justice in this case, and therefore, the Court should establish oversight/control of that office, peruse its files, question AUSAs and federal agents, and subpoena witnesses that

14

the Plaintiff requests. The Court rejects this omnibus request, which would require

an Article III Federal Judge to take over the Article II Executive Branch U.S.

Attorney's Office in the Eastern District of Michigan.[1]

In addition, this Court finds that in this case, pursuant to 18 U.S.C. §

3663A(c)(3)(B), restitution should not be imposed because:

> (B)  determining complex issues of fact related to the
> cause or amount of the victim's losses would
> complicate or prolong the sentencing process to a
> degree that its use to provide restitution to any
> victim is outweighed by the burden on the
> sentencing process.

This Court recognizes that the instant Rule 11(c) plea agreement clearly

states that there is to be no restitution in this matter, and that in accepting the plea

of guilty, the Court did not accept the Rule 11(c) plea agreement at that time: the

Court ordered a Presentence Report (PSR), and thereafter received Civil Plaintiffs'

Motion and Responses from the Government and FCA.

---

[1] ARTICLE II of the United States Constitution states, in pertinent part:

> SECTION 1.  The executive Power shall be vested in a
> President of the United States of America.

  ARTICLE III of the United States Constitution states in pertinent
part:

> SECTION 1.  The judicial Power of the United States shall be vested
> in one supreme Court, and in such inferior Courts as the Congress
> may from time to time ordain and establish…

15

At this time, having the benefit of the PSR, and the parties' and Civil

Plaintiffs' pleadings, the Court accepts the Rule 11(c) plea agreement, DENIES the

Civil Plaintiffs' Motion for Recognition of Crime Victim Status and for Restitution,

and RECONFIRMS the sentencing hearing for August 17, 2021 at 1:00 p.m.

SO ORDERED.

DATED: July 19, 2021                    s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE